UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN ADMIRALTY

In The Matter of:

Offshore of The Palm Beaches, Inc.,                    Case No.:  12-cv-80829
a Florida Corporation d/b/a Freedom
Boat Club, as demise charterer and
owner *pro hac vice* of a Model Year 2008,
Everglades 27CC, Bearing Hull Identification
No.:  RJDB0143B708, her engines, tackle,
appurtenances, etc. for Exoneration From
or Limitation of Liability,

      Petitioner.
_____/

## COMPLAINT FOR EXONERATION FROM
## OR LIMITATION OF LIABILITY

COMES NOW Offshore of the Palm Beaches, Inc., ("Petitioner"), as demise charterer and owner *pro hac vice* of a Model Year 2008 Everglades 27CC, powered by two (2) Honda 225 four-stroke outboard motors, bearing Hull Identification No.:   RJDB0143B708, Florida Registration No.: FL9517NS, her engines, tackle, appurtenances, etc., and for its Complaint for exoneration from, or limitation of liability, pursuant to 46 U.S.C. §30501, *et seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, states as follows:

1.      This is a case of admiralty and maritime jurisdiction. U.S. Const. Art. 3 § 2, cl.1; 28 U.S.C. § 1333; Federal Rule of Civil Procedure 9(h).

2.      Petitioner was and now is a corporation organized and existing under the laws of the State of Florida whose principal place of business was and is in Palm Beach County, Florida.

3.      Petitioner was and now is the demise charterer and owner *pro hac vice* of a Model Year 2008,  Everglades 27CC, powered by two (2) Honda 225 four-stroke outboard motors,

Bearing Hull Identification No.:  RJDB0143B708, Florida Registration  No.:  FL9517NS, her engines, tackle, appurtenances, etc., hereinafter referred to as the "Vessel".

    4.    As demise charterer and owner *pro hac vice*, Petitioner was responsible for manning the Vessel, supplying the Vessel, and navigating the Vessel at its own expense and by its own procurement.

    5.    The Vessel is now, and during the pendency of this action will be, within this Judicial District and its home port of Palm Beach County, Florida.

    6.    Prior to, and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessel, in all respects, in a seaworthy condition; and the Vessel, in all respects, was in fact seaworthy and fit for the use in which it was engaged.

    7.    This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration pursuant to 46 U.S.C. §30505, *et seq.* and the various statutes, rules, and regulations relating thereto.  Pursuant to 46 U.S.C. §30501 the term "owner" includes a "charterer."

    8.    At all times material hereto, the Vessel was under the exclusive care, custody, and control of, and was being operated by, Michael Lynch, member of Petitioner's Freedom Boat Club.

    9.    Michael Lynch was accompanied on the Vessel by his wife, Lisa Lynch (the "Claimant"), also member of Petitioner's Freedom Boat Club.  On October 13, 2011, the Vessel was being operated by Michael Lynch in the navigable waters off Palm Beach County, Florida.  Upon information and belief, at that time, the vessel struck the wake of another vessel.  As a result of striking the wake Claimant was ejected from her seat, landed on the deck of the Vessel and suffered injuries.

10.     Claimant has retained Darryl B. Kogan, Esq. of Kogan & DiSalvo, P.A., 3615 W. Boynton Beach Blvd, Boynton Beach, Florida 33436, to represent her with regards to the injuries she sustained as a result of an alleged boating accident which occurred on October 13, 2011.

11.     Petitioner does not believe there are additional claims that may be brought against this Petitioner as a result of the incident.  This Complaint is filed within six (6) months of the Petitioner first receiving written notice of a potential claim against the Petitioner and/or the Vessel arising out of the subject incident.

12.     Petitioner does not know the total amount of all of the claims that may be made for personal injury resulting from the above-described incident involving the Vessel, but upon information and belief the total damages claimed against it and the Vessel will exceeds the value of the Vessel.

13.     Petitioner further alleges all losses, damages and/or injury resulting from the incident were not caused or contributed to by any fault, negligence or lack of due care on the part of Petitioner and were without Petitioner's privity or knowledge.

14.     At the termination of the relevant voyage, the value of the Vessel, which was and is the value of Petitioner's interest in the Vessel, did not exceed the sum of $95,000.00, and there was no pending freight within the meaning of the Limitation Act.  (See Affidavit of Value by Allister Dredge attached hereto and incorporated herein as Exhibit "A" and Affidavit of Value by Christopher Anders attached hereto and incorporated herein as Exhibit "B").

15.     The Petitioner files contemporaneously herewith an *Ad Interim* Stipulation of Value in the appropriate forms, with a Letter of Undertaking as an appropriate surety, for the payment into Court of the amount of Petitioner's interest in the Vessel, together with interest at the rate of 6% per annum from the date of said Stipulation, and for costs; and, in addition thereto,

the Petitioner is prepared to give bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

16.     Petitioner claims limitation and/or exoneration from liability for any and all damages and injuries caused by the incident involving the Vessel and for any and all claims therefore; Petitioner alleges that it has valid defenses thereto on the facts and in law.

17.     Petitioner, without admitting, but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 30505 *et seq.,* and the various statutes supplemented thereto and amended thereof.

18.     Petitioner avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the above-referenced voyage so far as is known to Petitioner.

WHEREFORE, Petitioner respectfully requests:

A.     This Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner 's attorneys a copy thereof on or before the date specified in the notice and/or that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, admonishing them to file and serve on the attorneys for Petitioner, an answer to the Complaint on or before the said date (a proposed Notice to Claimants is being filed contemporaneously with the Court);

B.     This Court issue an injunction restraining the commencement or prosecution of any action or proceeding, of any kind, against Petitioner, its underwriters, the Vessel, or any of their property with respect to any claim for which Petitioner seeks limitation, including any

claim arising out of or connected with any loss, damage, injuries or destruction resulting from the incident described in this Complaint except in this action (a Motion for Monition and Injunction is being filed contemporaneously with the Court);

      C.      If any claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel or her pending freight, as alleged herein and the amount of the Stipulation of Value as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the incident and of the value of Petitioner 's interest therein and her pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, of Petitioner 's interest in the Vessel and her pending freight;

      D.      This Court adjudge the Petitioner is not liable to any extent for any damages or injuries, or for any claim thereafter in any way arising out of or resulting from the aforesaid incident, damages or injuries, that were done, occasioned or incurred as a result of the aforesaid incident involving the Vessel;

      E.      The Court in this proceeding will adjudge that the Petitioner is not liable to any extent for any damages or injuries, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident involving the Vessel, or if Petitioner shall be adjudged liable, then that such liability be limited to the amount or value of Petitioner 's interest in the Vessel, as aforesaid, and that Petitioner be discharged therefrom, upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all

parties any proprieties to which they may be legally entitled, and that a decree may be entered,

discharging Petitioner from all further liability; and;

F.       This Court grant Petitioner such other and further relief that justice may require.

Dated this 6th day of August, 2012.                    Respectfully Submitted,

Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
Telephone:  (305) 670-1101
Facsimile:  (305) 670-1161


/s/ Ryan C. Meade
Michael Wood, Esq.
Florida Bar No. 0 42970
Ryan C. Meade, Esq.
Florida Bar No. 012598